IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | | |
|---|---|---|
| **HABIBULLAH MANGUT,** : | **CIVIL ACTION** |
| Petitioner, : | (Habeas Corpus) |
| : | |
| *v.* : | |
| : | **ORAL ARGUMENT REQUESTED** |
| **GEORGE W. BUSH,** *et al.*, : | |
| Respondents. : | No. 1:05-CV-01008 |
| : | (Judge John D. Bates) |

**PETITIONER'S REPLY TO RESPONDENT'S OPPOSITION
TO PETITIONER'S MOTION FOR FACTUAL RETURN
AND MEDICAL INFORMATION**

The Government's Opposition to Petitioner's Motion for Factual Return and Medical Information is pure makeweight, without any substantive basis.

The Government's Opposition does not dispute – and, indeed, must concede – that several District Court judges in the District of the District of Columbia have already ordered the Government to provide factual returns. (*See* Gov't Opp. at 5 n.5; *see* Petitioner's Motion at 4 & n.2, citing numerous court orders in other detainee cases directing the Government to provide factual returns). The Government fails to assert any new substantive arguments to support the contention that the Court should rule otherwise. Rather, the Government's Opposition rests on two flawed grounds, one logistical, and one procedural.

First, as a logistical matter, the Government contends that the purported undue burden of producing factual returns within 30 days argues in favor of the Court's allowing 120 days for production of factual returns. But the Government's contention is wholly conclusory, providing no factual basis whatsoever to demonstrate that 30 days is unduly burdensome. Indeed, as Petitioner noted in its Motion, on at least two occasions the Government has provided factual returns within seven days without difficulty. (See Pet. Motion 5).

Second, as a procedural matter, the Government opposes Petitioner's Motion because it has sought a stay of all proceedings pending the resolution of all appeals in *In re Guantanamo Bay Detainee Cases,* 355 F. Supp.2d 443 (D.D.C. 2005), *petition for interlocutory appeal granted*, No. 05-8003 (D.C. Cir. 10 March 2005) and *Khalid v. Bush*, 355 F. Supp.2d 311 (D.D.C. 2005), *appeals docketed*, Nos. 05-5062, 05-5063 (D.C. Cir. 2 March 2005). The Government argues that because "core" issues are involved in these appeals, further proceedings in this case would require the expenditure of judicial and other resources that may be avoided as a result of the appeals, and such proceedings might have to be revisited, depending on how the Court of Appeals rules regarding handling of the claims in the Guantanamo Bay detainee cases. (*See* Govt's Opp. 2-3). But again, the Government's argument is wholly conclusory, based solely on self-serving speculation.

A party seeking a stay of judicial proceedings "must make out a clear case of hardship or inequity in being required to go forward, if there is even a fair possibility that the stay for which he prays will work damage to someone else." *Landis v. North American*, 299 U.S. 248, 255 (1936); *accord, Dellinger v. Mitchell*, 442 F.2d 782, 786 (D.C. Cir. 1971). Thus "in deciding to stay proceedings indefinitely, a trial court must first identify a pressing need for the stay" and "then balance interests favoring a stay against interests frustrated by the action." *Cherokee Nation of Oklahoma v. United States,* 124 F.3d 1413, 1416 (Fed. Cir. 1997). *See also Klein v. Adams & Peck*, 436 F.2d 337, 339 (2nd Cir. 1971) ("The right to proceed in court should not be denied except under the most extreme circumstances."). Here the government has made no showing of hardship. And granting a stay prejudices Petitioner.

Any balancing of harms must begin by recognizing that Petitioner has been incarcerated virtually incommunicado for several years without charge, access to counsel, or any meaningful due process protections. Further, the Government has recently released military and other federal agency documents confirming reports from released detainees and news organizations that Guantanamo detainees have been subject to systematic physical and mental abuse that can only be described as torture. These documents were released under a court order entered in litigation brought under the Freedom of Information Act by civil rights, humanitarian and veterans'

organizations. *See American Civil Liberties Union v. Department of Defense*, No. 04-CV-4151 (AKH) (S.D.N.Y.). The documents can be viewed at http://action.aclu.org/torture/foia/.

To grant a stay would ignore the Supreme Court's mandate to "consider in the first instance the merits of petitioners' claims." *Rasul v. Bush,* 124 S. Ct. 2686, 2699 (2004). It also would be inconsistent with a long line of cases emphasizing that habeas cases must be handled expeditiously. *See, e.g.*, *Preiser v. Rodriguez*, 411 U.S. 475, 496 (1973) ("the federal habeas statute provides for a swift, flexible, and summary determination."); *Carafas v. LaValle*, 391 U.S. 234, 238 (1968) (habeas review is designed "to provide an effective and speedy instrument by which judicial inquiry may be had into the legality of the detention of a person"); *Stack v. Boyle*, 342 U.S. 1, 4 (1952) ("Relief in this type of case must be speedy if it is to be effective.").

And the Government has not provided any practical reason to wait for the decision of the court of appeals. In *Rasul* the Supreme Court held that federal district courts have jurisdiction to hear the habeas corpus claims of Guantanamo detainees, noting that their allegations "unquestionably describe custody in violation of the Constitution or laws or treaties of the United States." 124 S. Ct. at 2698, note 15 (internal quotations omitted). The Government's contention on appeal that the detainees have no rights whatsoever will not succeed.

If the Court were to impose a stay, the Court should limit its duration by directing that it will only extend to the date the Court of Appeals decides the pending appeals. After that decision, the Government will have 90 days to petition for a writ of certiorari, and there is no time limit on the Supreme Court's consideration of such a petition. At the very earliest, the Supreme Court would consider the cases during the present term. Thus, even assuming expedited briefing and consideration, the Supreme Court would not likely issue a decision until sometime in 2007. By that time, Petitioner will have languished for yet another year in illegal detention.

In *Landis* the Supreme Court held that a stay may not be "immoderate in extent" or "oppressive in its consequences." 299 U.S. at 256. Given the conditions of incarceration and the potentially indefinite duration, it is difficult to conceive of a delay more immoderate or consequences more oppressive than having to wait at least another full year to proceed with habeas litigation. In *Landis* the Supreme Court vacated a stay in a securities case intended to last through intermediate and Supreme Court appeals, holding that "relief so drastic and unusual overpasses the limits of any reasonable need . . . ." 299 U.S. at 257. *See also Dellinger*, 442 F.2d at 785-88. Surely here, where liberty interests are at stake, the lengthy stay that the Government requests is relief even more drastic.

## CONCLUSION

For the reasons discussed above, the Court should order respondents to provide factual returns within thirty days of the entry of the order, and direct respondents to provide medical information regarding petitioner's health forthwith.

                                        Respectfully submitted,

                                        /s/James V. Wade
                                        James V. Wade (PA 33352)
                                        Federal Public Defender
                                        100 Chestnut Street, Suite 306
                                        Harrisburg, PA 17101
                                        Tel. No. (717) 782-2237
                                        Fax No. (717) 782-3881
                                        (James_Wade@fd.org)

                                        Ronald A. Krauss (DC 306933)
                                        Federal Public Defender
                                        100 Chestnut Street, Suite 306
                                        Harrisburg, PA 17101
                                        Tel. No. (717) 782-2237
                                        Fax No. (717) 782-3881
                                        (Ronald_Krauss@fd.org)

Dated:   January 27, 2006

## CERTIFICATE OF SERVICE

I hereby certify that a true and correct copy of the foregoing instrument has been served via the e-filing system on the following counsel of record for respondents:

Mr. Terry M. Henry
US DEPARTMENT OF JUSTICE
20 Massachusetts Avenue, NW
Room 7226
Washington, DC 20529-0001


/s/Ronald A. Krauss
Ronald A. Krauss


Dated:      January 27, 2006