UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

HABIBULLAH MANGUT,

    Petitioner,

        v.

GEORGE W. BUSH, et al.,

    Respondents.

Civil Action No.  05-1008 (JDB)

**MEMORANDUM OPINION & ORDER**

    Presently before the Court are two motions filed by Habibullah Mangut, a citizen of Afghanistan who is detained by the United States at the United States Naval Station in Guantanamo Bay, Cuba ("Guantanamo") and who has challenged the legality of his confinement by a petition for a writ of habeas corpus.  The first of petitioner's motions asks the Court to issue a preliminary injunction ordering respondents to provide his counsel and the Court with thirty days' notice prior to any transfer of Mangut from Guantanamo.  The second motion requests that the Court compel respondents to provide petitioner with (1) the government's "factual return" detailing the basis for Mangut's confinement and (2) any information the government has relating to Mangut's medical condition.

    This action has been stayed for more than a year pending resolution of the appeals in In re Guantanamo Detainee Cases, 335 F. Supp. 2d 443 (D.D.C. 2005), and Khalid v. Bush, 355 F. Supp. 2d 311 (D.D.C. 2005), which relate to whether detention of the Guantanamo detainees violates any source of law.  In the interim, Congress enacted legislation that may affect this Court's jurisdiction to entertain habeas actions such as Mangut's, irrespective of any resolution of

the aforementioned appeals. See Detainee Treatment Act of 2005 ("DTA"), Pub. L. No. 109-148, § 1005(e), 119 Stat. 2680, 2742 (providing that "no court, justice, or judge shall have jurisdiction to hear or consider ... an application for a writ of habeas corpus filed by or on behalf of an alien detained by the Department of Defense at Guantanamo Bay, Cuba" and vesting in the United States Court of Appeals for the District of Columbia Circuit "exclusive jurisdiction to determine the validity of any final decision of a Combatant Status Review Tribunal [('CSRT')] that an alien is properly detained as an enemy combatant").  Although the Supreme Court recently held that the DTA's *jurisdiction-stripping* provision does not apply to habeas cases, such as this one, that were "pending on the date of the DTA's enactment," Hamdan v. Rumsfeld, 126 S. Ct. 2749, 2769 n.15 (2006), it left unresolved the question whether the DTA's *jurisdiction-vesting* provisions might nonetheless limit this Court's power over pending habeas cases, see id. at n.14 ("There may be habeas cases that were pending in the lower courts at the time the DTA was enacted that ... qualify as challenges to 'final decision[s]' within the meaning of subsection (e)[] ....  We express no view about whether the DTA would require transfer of such an action to the District of Columbia Circuit.").[1]  Respondents have taken the position that the "exclusive jurisdiction" of the D.C. Circuit under the DTA precludes this Court from taking any action with respect to petitioner's motions, and they have urged the Court to defer ruling on such motions until the D.C. Circuit determines the extent of its (and hence this Court's) jurisdiction over claims brought by Guantanamo detainees.

      The Court is keenly aware that, as a court of limited jurisdiction, it may not adjudicate

---

[1] Indeed, the D.C. Circuit panel before which the appeals are pending recently ordered supplemental briefing on this jurisdictional issue.

cases or controversies unless it has assured itself of its authority to do so -- and, in keeping with that fundamental principle, the Court has steadfastly refrained from taking substantive action in these cases while threshold issues such as jurisdiction have been pending in the related appeals. But the present situation also calls to mind the admonition of Voltaire that "[t]he best is the enemy of the good."  See Nat'l Ass'n of Regulatory Utility Comm'rs v. FCC, 737 F.2d 1095, 1147 (D.C. Cir. 1984) (quoting Dictionnaire Philosophique (Dramatic Art) (1794) ("Le mieux est l'ennemi du bien.")).  Because the Court has concluded that the outcome of the present motions ultimately would be the same regardless of the disposition of the jurisdictional question, and because the motions do not approach the merits of petitioner's challenge to the legality of his detention, the Court will rule on the motions without resolving respondents' jurisdictional challenge.  To do otherwise could unnecessarily prejudice petitioner's ability to timely and meaningfully communicate with counsel and advance his claims, given the logistical difficulties and limitations associated with attorney-client communications in this unique detention setting.

With respect to petitioner's request for a preliminary injunction, this Court has previously considered -- and denied -- motions by other Guantanamo detainees who sought notice prior to transfer from Guantanamo.  See, e.g., Al-Anazi v. Bush, 370 F. Supp. 2d 188, 193-99 (D.D.C. 2005).  For the reasons fully explained in Al-Anazi, the Court will deny petitioner's motion.

As for the request that respondents produce to petitioner and his counsel the factual return that the Department of Defense has compiled on Mangut (which respondents describe as the records of petitioners' proceedings before the CSRT), the Court again will resolve this motion in a manner consistent with its prior rulings in Guantanamo cases.  Because "the factual return[] appear[s] necessary for ... counsel effectively to represent petitioner[]" and "even initial

conversations [between counsel and client] may be very difficult without access to that basic factual information," id. at 200, the Court will require respondents to produce the factual return to petitioner's counsel -- consistent with any applicable conditions imposed by this Court's protective orders -- within sixty days. In ordering production of the factual return, the Court takes note of the fact that, even if respondents' interpretation of the DTA's exclusive jurisdiction provision is correct, petitioner would be entitled to a review by the D.C. Circuit of "the status determination of the Combatant Status Review Tribunal," see Pub. L. No. 109-148, § 1005(e)(2)(C)(i), 119 Stat. 2680, 2742, and completion of any such judicial review would necessitate that petitioner's counsel have access to the CSRT records. Indeed, respondents have indicated that they "do not anticipate objecting to production of petitioners' CSRT records for review in Court of Appeals' proceedings pursuant to section 1005(e)(2)." Resp'ts' Resp. to Court's Aug. 3, 2006, Order at 2.[2] Furthermore, it is possible that resolution of the jurisdictional question would require fact-finding -- that is, a determination whether this habeas petition is, in actuality, a challenge to "the validity of any final decision of a Combatant Status Review Tribunal," within the meaning of the DTA, and thus properly within the exclusive jurisdiction of the D.C. Circuit. If such fact-finding were necessary, production of the factual return to petitioner's counsel might similarly be imperative. Hence, the Court can see no compelling reason to further delay production of this essential information to petitioner's counsel, beyond providing respondents with sufficient time to conduct a "review of information in the return[] ... to ensure that any information disclosed to counsel is in accordance with all applicable statutes,

---

[2] In other words, respondents have no non-jurisdictional basis for opposing production of the factual return.

regulations and Executive Orders." See Resp'ts' Status Report in Resp. to Court's July 19, 2006, Minute Order at 6.

The request of petitioner's counsel for "basic medical information regarding petitioner's condition and an indication as to whether he is participating in [a] hunger strike," see Pet'r's. Mot. for Factual Returns & Med. Info. at 6, also is substantially similar to motions that this Court has previously addressed in other Guantanamo cases. Consistent with the resolutions of those motions, the Court will deny petitioner's motion insofar as it seeks an order requiring respondents to produce medical records relating to petitioner. See, e.g., Al-Shabany v. Bush, No. 05-CV-2029 (D.D.C. Nov. 17, 2005) (order denying request of petitioner's counsel for medical records relating to ongoing forced-feeding at Guantanamo); Hamlily v. Bush, No. 05-CV-0763 (D.D.C. Oct. 3, 2005) (order denying petitioner's motion for a preliminary injunction governing detainee's conditions of confinement, including medical care and nutrition); O.K. v. Bush, 344 F.Supp. 2d 44, 60-63 (D.D.C. 2004) (denying motion to compel the government to allow an independent medical evaluation of detainee and to produce detainee's medical records).

Accordingly, it is this 9th day of August, 2006, hereby

**ORDERED** that [9] petitioner's motion for a preliminary injunction is **DENIED**; it is further

**ORDERED** that [10] petitioner's motion to compel production of the government's factual return and records relating to petitioner's medical condition is **GRANTED IN PART** and **DENIED IN PART**; and it is further

**ORDERED** that respondents shall transmit factual returns to the Court and petitioner's counsel within sixty (60) days of the date of this order -- that is, by not later than October 9,

2006.

/s/ John D. Bates
JOHN D. BATES
United States District Judge

Copies to:

D. Toni Byrd
Ronald A. Krauss
Anne L. Saunders
Frederick W. Ulrich
James V. Wade
FEDERAL PUBLIC DEFENDER FOR THE MIDDLE DISTRICT OF PENNSYLVANIA
100 Chestnut Street, Suite 306
Harrisburg, PA 17101
Email: pamd-fpd.wil@verizon.net
Email: pamd-fpd.hbg@verizon.net
Email: James_Wade@fd.org

*Counsel for petitioner Mangut*

Terry Marcus Henry
UNITED STATES DEPARTMENT OF JUSTICE
P.O. Box 883
20 Massachusetts Avenue, NW, Suite 7144
Washington, DC  20044
Email: terry.henry@usdoj.gov

*Counsel for respondents*